UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL SULLIVAN,

                        Plaintiff,

v.

GARY T. MAHA, GENESEE COUNTY SHERIFF,
GENESEE COUNTY, NEW YORK, and others
unknown to Plaintiff at this time,

                        Defendants.

Case # 16-CV-552-FPG

DECISION AND ORDER

## INTRODUCTION

On July 6, 2016, Plaintiff Paul Sullivan filed a complaint alleging various claims against Defendants Gary T. Maha, the Genesee County Sheriff, and his employer, Genesee County, stemming from the alleged confiscation of Sullivan's firearms and 5-year suspension of his pistol license. *See* ECF Nos. 1-2. Specifically, Sullivan alleges six claims: (1) a violation of the Takings Clause under the Fifth Amendment; (2) a violation of his Second Amendment rights; (3) arbitrary and capricious actions by the Defendants; (4) that the phrase "good moral character" contained in N.Y. Penal Law § 400.00 is unconstitutionally vague; (5) fraud; and (6) that the Court should convene a federal Grand Jury. ECF No. 2 at 3-10.

On August 3, 2016, Defendants answered the Complaint. ECF No. 4. After Sullivan and Defendants conducted discovery, Defendants moved for a judgment on the pleadings or, in the alternative, summary judgment. *See* ECF Nos. 19-20. The Court interpreted Defendants' Motion as one for summary judgment under Federal Rule of Civil Procedure 12(d) since Defendants

attached numerous exhibits—matters outside the pleadings—and the Court chose not to exclude them. ECF No. 22.

In response, Sullivan opposed the Motion and moved to compel, for sanctions against Defendants, and to strike an affidavit Defendants submitted. ECF Nos. 24, 27.

For the reasons stated, all pending Motions are DENIED without prejudice and Defendants are directed to refile either a motion for judgment on the pleadings or a motion for summary judgment.

## DISCUSSION

### I. Defendants' Motion for Summary Judgment Is Denied Because Defendants Failed to Comply with Local Rule of Civil Procedure 56(a)(1)

Local Rule 56(a)(1) provides that:

> Upon any motion for summary judgment pursuant to Fed. R. Civ. P. 56, there shall be annexed to the notice of motion a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Each such statement must be followed by citation to admissible evidence or to evidence that can be presented in admissible form at trial as required by Fed. R. Civ. P. 56(c)(1)(A). Citations shall identify with specificity the relevant page and paragraph or line number of the evidence cited. Failure to submit such a statement may constitute grounds for denial of the motion.

The Second Circuit has held that, while Local Rules are not statutes, *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000), district courts have "broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). Additionally, the Court has considerable discretion in determining what remedy is proper when a party violates the Local Rules. *See Emanuel v. Griffin*, No. 13 Civ. 1806, 2015 WL 1379007, at *2 (S.D.N.Y. Mar. 25, 2015) (collecting cases).

Here, the Court uses its discretion and finds that Defendants must refile either a motion for judgment on the pleadings or a motion for summary judgment. Neither Defendants nor Sullivan—

the latter proceeding pro se—filed a Rule 56 statement as outlined in Local Rule 56(a)(1). In fact, Defendants' papers contain almost no facts—thus, it is impossible for the Court to determine whether they are entitled to summary judgment. *See* Fed. R. Civ. P. 56 ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Consequently, the Court finds that Defendants must refile their motion in order for the case to proceed.

The Court notes that a motion for judgment on the pleadings carries different requirements than a motion for summary judgment. For example, a motion for judgment on the pleadings allows the Court to consider the pleadings only, while the Court may consider evidence outside the pleadings on a motion for summary judgment. *See* Fed. R. Civ. P. 12(c)-(d), 56(a). Additionally, each motion contains different legal standards: a motion for judgment on the pleadings requires the same standard as a motion to dismiss under Rule 12(b)(6), *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011), while a motion for summary judgment has a different legal standard, Fed. R. Civ. P. 56(a).

Also, the parties must include legal authority that supports their motions. So, Defendants must provide case law explaining why each of Sullivan's claims fails and, likewise, Sullivan must provide case showing why each one of his claims survives.

## II. Sullivan's Motion to Compel Is Denied Because He Did Not Meet the Requirements of Federal Rule of Civil Procedure 37(a)(1)

Under Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery," but "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Here, Sullivan's Motion did not include the required certification. Consequently, his motion is denied without prejudice.

### III. Sullivan's Motion for Sanctions Is Denied Because He Does Not Move for a Specific Form of Sanction and Defendants Have Complied with All Court Orders

Federal Rule of Civil Procedure 26 governs the discovery process. Under Rule 26, parties must make initial disclosures and supplemental disclosures pursuant to the guidelines in Rule 26 or those outlined by a court order. *See* Fed. R. Civ. P. 26(a)-(e).

When a party does not follow Rule 26 procedure or the discovery procedure outlined by a court order, the opposing party may move for sanctions under Rule 37. *See* Fed. R. Civ. P. 37(b)-(c). The purpose of Rule 37 is to prevent parties from "sandbagging" their opponents with new evidence. *Haas v. Delaware & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (summary order).

The Second Circuit has provided further guidance on the legal principles surrounding discovery sanctions. District court judges have "wide discretion" to impose a sanction they feel is appropriate, even one as severe as dismissal. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006). The Second Circuit has considered a non-exhaustive list of factors when weighing district court judges' imposition of sanctions under Rule 37: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). District judges may also consider the bad faith of the offending party, but they are not required to do so. *Design Strategy*, 469 F.3d at 296.

Here, Sullivan's Motion fails for two reasons. First, he does not move for a specific form of sanction to impose on Defendants. *See* ECF No. 24 at 4. Second, upon the Court's review of

- 4 -

the record, it appears that Defendants have complied with Rules 26 and 33. *See* ECF Nos. 20-3 at 37-39, 21.

**IV. Sullivan's Motion to Strike Is Denied Because Federal Rule of Civil Procedure 12(f) Allows the Court to Strike Pleadings, Not Affidavits**

Finally, Sullivan moves the Court to strike two of Defendants' Affidavits. *See* ECF Nos. 25-27. In support, he cites Rule 12(f). *See* ECF No. 27 at 1. Under that Rule, however, "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). An affidavit is not a "pleading" as explained in Rule 7.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment, ECF No. 20, is DENIED and Defendants are directed refile either a motion for judgment on the pleadings or a motion for summary judgment, and Sullivan's Motions to Compel, for Sanctions, and to Strike, ECF Nos. 24, 27, are DENIED.

IT IS SO ORDERED.

Dated: August 17, 2018
   Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court