UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL SULLIVAN,

                        Plaintiff,

v.

                        Case # 16-CV-552-FPG

                        DECISION AND ORDER

GARY T. MAHA, GENESEE COUNTY SHERIFF,
GENESEE COUNTY, NEW YORK, and others
unknown to Plaintiff at this time,

                        Defendants.

## INTRODUCTION

On July 6, 2016, *pro se* Plaintiff Paul Sullivan filed a complaint alleging six claims: (1) a violation of the Takings Clause of the Fifth Amendment; (2) a violation of his Second Amendment rights; (3) arbitrary and capricious actions by Defendants; (4) that the phrase "good moral character" contained in N.Y. Penal Law § 400.00 is unconstitutionally vague; (5) fraud; and (6) that the Court should convene a federal Grand Jury. ECF No. 2 at 3-10.

On August 3, 2016, Defendants answered the Complaint. ECF No. 4. After Sullivan and Defendants conducted discovery, Defendants moved for judgment on the pleadings or, in the alternative, for summary judgment. *See* ECF Nos. 19-20. The Court interpreted Defendants' Motion as one for summary judgment under Federal Rule of Civil Procedure 12(d) since Defendants referenced matters outside the pleadings and the Court did not exclude them. ECF No. 22.

In a Decision and Order issued on August 17, 2018, the Court denied Defendants' motion for summary judgment because it did not comply with Local Rule of Civil Procedure 56(a)(1) and

ordered Defendants to refile it or a motion for judgment on the pleadings. ECF No. 29. The Court also denied Plaintiff's motions to compel, for sanctions, and to strike. *Id.*

Before the Court are three motions: (1) Defendants' second motion for summary judgment, (2) Plaintiff's motion to take judicial notice, and Plaintiff's motion for a clarification of purportedly relevant decisions. ECF Nos. 33, 37, 39.

For the following reasons, Plaintiff's motions are DENIED, and Defendants' motion is GRANTED.

## BACKGROUND[1]

On May 14, 2015, Genesee County Court Judge Robert C. Noonan issued an order to show cause suspending Plaintiff's pistol permit and requiring him to deposit the permit and any firearms it licensed to the Genesee County Sheriff upon receipt of the Order. Plaintiff was personally served a copy of the Order on May 20, 2015.

The same day, two Genesee County Sheriff's deputies confiscated 17 firearms from Plaintiff. Defendants aver that the firearms remain in the Genesee County Sheriff's Arms Room, which Plaintiff disputes.

Between June and December 2015, a Deputy Genesee County Attorney and Plaintiff's then-attorney negotiated a term of suspension and possible, permanent revocation of Plaintiff's pistol permit. The parties eventually settled on a five-year suspension with additional terms and conditions. The agreement was memorialized in a stipulation which was signed by the Deputy County Attorney and Plaintiff and filed with the Genesee County Clerk's Office on December 8, 2015. Consequently, Judge Noonan did not make any findings or determinations under New York's firearms licensing scheme as to Plaintiff's fitness to possess firearms.

---

[1] All facts are taken from the summary judgment record and are undisputed unless noted.

**DISCUSSION**

I.  **Judicial Notice**

Plaintiff first moves the Court to take judicial notice of a publicly available report that shows categories of assets seized by law enforcement and their total pecuniary value in various counties in New York in 2016. ECF No. 37 at 1, 7. Defendants assert that the report has no legal relevance but also argue that it undercuts one of Plaintiff's arguments. ECF No. 38 at 4-5.

Generally, courts may take judicial notice of publicly available documents. *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 294 (S.D.N.Y. 2018). Here, as explained below, the Court disposes of Plaintiff's claims on grounds unrelated to the report, rendering it irrelevant. Plaintiff's motion is therefore DENIED.

II. **Clarification**

Plaintiff next moves the Court to clarify how it will adjudicate the constitutional issues raised in Plaintiff's action and whether the Second and Seventh amendments have imprecise meanings. ECF No. 39 at 1. Defendants oppose the motion, arguing that Plaintiff is requesting the Court to provide an advisory opinion, which is disallowed according to case law. ECF No. 40 at 3.

The Court agrees with Defendants. Plaintiff may disagree with the characterization of his request as one for an "advisory opinion" instead of a "clarification," but the distinction between the two is academic. Plaintiff is requesting the Court to provide an explanation of the law to him outside the core controversy of this case. According to principles established at our country's founding, it is powerless to do so. *Larson v. Valente*, 456 U.S. 228, 264 (1982) ("From the earliest days of the Republic it has been recognized that [federal courts are] without power to give advisory opinions.' (quotation marks and citation omitted)). Plaintiff's motion is thus DENIED.

**III.     Summary Judgment**

Finally, Defendants move for summary judgment as to all of Plaintiff's claims. There is no genuine dispute as to the facts of the case, although Plaintiff attempts to manufacture a dispute based on Defendants' purported failure to respond to discovery requests and their "land piracy" operation. ECF No. 35 at 15.

The Court first examines Plaintiff's Second Amendment claim. The undisputed facts show that Plaintiff cannot hold Defendants legally responsible for the suspension of Plaintiff's pistol permit or the confiscation of his firearms. In the Second Circuit, district courts have repeatedly held that an individual's Second Amendment rights entitle him not to specific firearms, but to the right to possess a firearm generally. *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 429-30 (S.D.N.Y. 2013). Courts have therefore repeatedly dismissed Second Amendment claims in which a plaintiff alleges that law enforcement officers seized firearms he wishes to possess. *Dunkleberger v. Dunkleberger*, No. 14-CV-3877 (KMK), 2015 WL 5730605, at *20 (S.D.N.Y. Sept. 30, 2015). As long as a plaintiff may possess *any* firearm, his Second Amendment rights have not been infringed. *Doutel v. City of Norwalk*, No. 11-CV-1164, 2013 WL 3353977, at *23 (D. Conn. July 3, 2013).

Here, Defendants may be preventing Plaintiff from possessing some firearms, but they have not taken any action "that would prevent him from acquiring another weapon." *Garcha v. City of Boston*, 351 F. Supp. 2d 213, 217 (S.D.N.Y. 2005). Therefore, to the extent Plaintiff can have a viable Second Amendment claim, he must base it on the suspension of his permit.

But it was not one of the Defendants who suspended Plaintiff's pistol permit; it was Judge Noonan, whom Plaintiff has not named as a defendant in this action. Consequently, to the extent Plaintiff has a viable claim for a violation of his Second Amendment rights because his pistol

permit was suspended, that claim cannot lie against Defendants. They did not suspend his pistol permit and Plaintiff has provided no legal theory upon which to hold either Defendant liable. *See Phelps v. Bosco*, No. 1:13-CV-1510 (GTS/CFH), 2017 WL 437407, at *18, *29 n.139 (N.D.N.Y. Feb. 1, 2017) (granting motion for summary judgment as to some defendants because, in part, plaintiff had not established that those defendants were personally involved in the alleged Second Amendment violation). His Second Amendment claim thus fails.

Plaintiff's remaining claims also fail. Plaintiff has not shown that his firearms were taken for a public use as required under the Takings Clause of the Fifth Amendment, *Laubis v. Witt*, 597 F. App'x 827, 831-32 (6th Cir. 2015); the undisputed facts do not support an arbitrary-and-capricious claim against Defendants; the phrase "good moral character" is not unconstitutionally vague on its face and it was never applied to Plaintiff, *Libertarian Party of Erie Cty. v. Cuomo*, 300 F. Supp. 3d 424, 439-440 (W.D.N.Y. 2018); the undisputed facts do not support a fraud claim; and the Court cannot summon a Special Grand Jury under the circumstances present here. *See* 18 U.S.C. § 3331(a). Defendants are thus entitled to summary judgment as to all of Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Take Judicial Notice and for Clarification, ECF Nos. 37, 39, are DENIED, Defendants' Motion for Summary Judgment, ECF No. 33, is GRANTED, and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: August 30, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court